**SO ORDERED.**

**SIGNED this 24 day of August, 2006.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WILMINGTON DIVISION

IN RE:

**JAN ELIZABETH SULLIVAN,**

      Debtor.                                                                 Case No. 04-03325-8-JRL

**JAMES B. ANGELL, Trustee,**

      Plaintiff,                                                 Adversary Proceeding No.:
                                                                   L-06-00074-8-AP

v.

**DONNA Y. SULLIVAN,**

      Defendant.

_____

## ORDER

      The matter before the court is the plaintiff's complaint to sell estate property free and clear of defendant's interest. On August 16, 2006, a trial in this proceeding was scheduled in Wilmington, North Carolina.

      Before the trial commenced, the plaintiff informed the court that partition of the property, jointly owned by the defendant and the estate, was practicable. The plaintiff submitted to the court a map of the

property, representing the eleven and a half acre tract.[1] In order to allow the defendant to stay in her home, the plaintiff is willing to attempt to liquidate the portion of the tract that lies east of State Route 1406. If the purchase price for that portion of the property satisfies the claims in this case, totaling approximately $35,000, a sale of the entire tract is not necessary.

The defendant resides on the western portion of the tract with her father and sister. She is unwilling to sell any portion of the property, as it has been in her family for generations. The defendant expressed her frustration that her family will lose part of its property to satisfy the debts of her father's former spouse.[2] She acknowledges that she understands the court's previous order entered on April 5, 2006, allowing the plaintiff to recover the debtor's one-half interest in the property.

Under 11 U.S.C. § 704(a)(1), a trustee shall "collect and reduce to money the property of the estate for which such trustee serves." The trustee "may sell property of the estate out of the ordinary course of business in order to obtain the money." Beaman v. Shearin (In re Shearin), 224 F.3d 346, 350 (4th Cir. 2000) (citing 11 U.S.C. § 363(b)(1)). In this case, the plaintiff, as trustee, is duty-bound to liquidate the estate's interest in the property jointly owned with the defendant. His offer to sell the portion of the property that is farthest from the defendant's home is fair and reasonable.

Based on the foregoing, the court will allow the trustee to attempt to sell the portion of the property east of the state road. The trial is stayed pending the outcome of the trustee's efforts to liquidate. If the purchase price for that portion of the tract is not adequate to satisfy the claims and costs in this case, the court will enter a separate order regarding the trustee's entitlement to further relief.

"End of Document"

---

[1] The map can be found on the docket as Exhibit A.

[2] The debtor is divorced from the defendant's father.